UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
LATANYA LITTMAN,

                    Plaintiff,                            **COMPLAINT**

    -against-

GLOBAL CONTACT SERVICES, LLC,                ***Jury Trial Demanded***

                  Defendants.
--------------------------------------------------------------------X

      Plaintiff, LATANYA LITTMAN ("Plaintiff"), by and through her counsel, the Law Office of Peter A. Romero, PLLC, as and for her Complaint against the Defendant, GLOBAL CONTACT SERVICES, LLC, alleges and complains as follows:

## NATURE OF THE ACTION

      1.    Plaintiff brings this action against Defendant, Global Contact Services, LLC ("GCS" or "Defendant"), to redress Defendant's violations of the New York State Human Rights Law, N.Y. Exec. Law § 290, et. seq. (the "Executive Law" or "NYSHRL") and the Administrative Code of the City of New York, § 8-101 et seq. (the "City Law" or "NYCHRL"). Defendant discriminated against Plaintiff in the terms and conditions of her employment because of her disability.

      2.    Plaintiff seeks injunctive and declaratory relief, compensatory damages, liquidated damages, punitive damages, attorneys' fees and other appropriate relief.

## JURISDICTION AND VENUE

      3.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 because there is diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000.00.

4.     Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

5.     Plaintiff will serve a copy of this complaint upon the New York City Commission on Human Rights and the Corporation Counsel of the City of New York in accordance with New York City Administrative Code § 8-502 (c).

## PARTIES

6.     Plaintiff is a resident of the County of Kings and the State of New York.

7.     At all times relevant, Plaintiff suffers from a disability within the meaning of N.Y.C. Admin. Code § 8-102.   Plaintiff has a history of diabetes and hypertension and suffered a stroke on June 10, 2019 which left her paralyzed on her right side.

8.     Defendant GCS is a limited liability company, which is organized in Delaware and has its principal place of business in Salisbury, Rowan County, North Carolina.  All members of Defendant GCS reside in North Carolina.

9.     Defendant is an employer and a covered entity within the meaning of  N.Y.C. Admin. Code § 8-102.

10.    Defendant provides call center services for New York City's paratransit Access-a-Ride program pursuant to a written contract with the Metropolitan Transportation Authority ("MTA").

## FACTUAL ALLEGATIONS

11.    Plaintiff commenced employment with Defendant in July 2014 as a reservation agent and/or customer service representative at a call center located at 3300 Northern Boulevard, Long Island City, New York.  Plaintiff's duties included receiving telephone calls and assisting

2

qualified customers with disabilities who are authorized to utilize the NYCTA's "Access-a-Ride" program for transportation in the New York City area.

12.     Plaintiff performed her job in an exemplary manner.  In 2016, she was promoted to quality assurance associate.   Plaintiff's job duties involved listening to recorded of telephone calls and evaluating Call Center Representatives.

13.     On or about June 10, 2019, Plaintiff suffered a cerebrovascular accident (CVA) or a stroke.  She was admitted to the hospital and subsequently received intensive rehabilitation, including speech therapy.

14.     After a brief convalescence, Plaintiff was able to perform all the essential functions of her job, which required her to listen to and evaluate recorded customer service calls for quality assurance.  As a result of her stroke, however, Plaintiff suffered right side paralysis which prevented her from entering data in a computerized quality assurance questionnaire without reasonable accommodation. Plaintiff would have been able to perform all the functions of her job with reasonable accommodation for her disability in the form of voice-to-text software to assist her in completing the questionnaire.

15.     On or about August 29, 2019, Plaintiff sent an email to Frank Camp ("Camp"), Defendant's Senior Vice President, Client Services, regarding her return to work and need for reasonable accommodation of her disability in the form of voice-to-text software. Camp failed to provide reasonable accommodation for Plaintiff's disability and failed to engage in a cooperative dialogue with Plaintiff.

16.     On or about September 5, 2019, Plaintiff met in person with Camp regarding her return to work and reiterated her request for reasonable accommodation in the form of voice-to-

text software. Camp refused Plaintiff's request for reasonable accommodation and failed to engage in a cooperative dialogue with Plaintiff.

17.     On or about October 5, 2019, Plaintiff met again with Camp regarding her return to work.  Camp again refused Plaintiff's request for reasonable accommodation and failed to engage in a cooperative dialogue with Plaintiff.

18.     Defendant's refusal to provide reasonable accommodation for Plaintiff's disability and its failure to engage in a cooperative dialogue with Plaintiff resulted in the termination of Plaintiff's employment.

19.     Defendant's refusal to provide reasonable accommodation for Plaintiff's disability and its failure to engage in a cooperative dialogue with Plaintiff demonstrated conscious disregard for Plaintiff's rights and for her vulnerable condition due to her recent stroke.

20.     As a result of Defendant's discriminatory action, Plaintiff suffered substantial emotional harm and distress at a time in which she felt especially vulnerable and anxious due to her disability.

21.     Due to Defendant's discrimination, Plaintiff has suffered the loss of her job and the opportunity to work, the loss of her wages and the loss of benefits that she would be receiving but for Defendant's discriminatory conduct.

22.     Defendant paid Plaintiff the applicable minimum wage rate for her work performed as a reservation agent and/or customer service representative.

23.     Defendant required or permitted Plaintiff to work shifts of over 10 hours as a reservation agent and/or customer service representative.

24.     Defendant did not pay Plaintiff spread-of-hours pay when she worked a shift that exceeded 10 hours from its start to its finish as required by 12 N.Y.C.R.R. § 142-2.4.

25.     Defendant failed to provide Plaintiff upon hire with written notice of her wage rate and other information required by New York Labor Law § 195(1).

## FIRST CLAIM FOR RELIEF
## NYSHRL DISABILITY DISCRIMINATION

26.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

27.     Based on the foregoing, Defendant discriminated against Plaintiff in the terms and conditions of her employment because of Plaintiff's disability and/or perceived disability, in violation of the NYSHRL.

28.     As a proximate result of Defendant's discrimination, Plaintiff has suffered and continues to suffer loss of past and future earnings and employment-related benefits, harm to her professional reputation, mental anguish, embarrassment, humiliation, and other incidental and consequential damages, costs and interest as permitted by law.

## SECOND CLAIM FOR RELIEF
## NYSHRL FAILURE TO ACCOMMODATE

29.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

30.     Defendant were aware of Plaintiff's disability and need for reasonable accommodation.

31.     Defendant refused and/or failed to make reasonable accommodation for Plaintiff's disability.

32.     Based on the foregoing, Defendant discriminated against Plaintiff in the terms and conditions of her employment because of Plaintiff's disability and/or perceived disability, in violation of the NYSHRL.

33.     As a proximate result of Defendant's discrimination, Plaintiff has suffered and continues to suffer loss of past and future earnings and employment-related benefits, harm to her professional reputation, mental anguish, embarrassment, humiliation, and other incidental and consequential damages, costs and interest as permitted by law.

## THIRD CLAIM FOR RELIEF
## NYCHRL DISABILITY DISCRIMINATION

34.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

35.     Defendant discriminated against Plaintiff in the terms, conditions and privileges of employment on the basis of her disability, actual or perceived, and/or history of or record thereof, in violation of the NYCHRL.

36.     As a proximate result of Defendant's discrimination, Plaintiff has suffered and continues to suffer loss of past and future earnings and employment-related benefits, harm to her professional reputation, mental anguish, embarrassment, humiliation, and other incidental and consequential damages, attorneys' fees, costs and interest as permitted by law.

37.     Defendant discriminated against Plaintiff by engaging in willful, wanton, and/or reckless conduct and/or in conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to an award of punitive damages under the NYCHRL.

## FOURTH CLAIM FOR RELIEF
## NYCHRL FAILURE TO ACCOMMODATE

38.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

39.     Defendants were aware of Plaintiff's disability and need for reasonable accommodation.

40.     Defendants failed to make reasonable accommodation for Plaintiff's disability.

41.     Defendants discriminated against Plaintiff in the terms and conditions of her employment because of Plaintiff's disability, in violation of the NYCHRL.

42.     As a proximate result of Defendants' discrimination, Plaintiff has suffered and continues to suffer loss of past and future earnings and employment-related benefits, harm to her professional reputation, mental anguish, embarrassment, humiliation, and other incidental and consequential damages, attorneys' fees, costs and interest as permitted by law.

43.     Defendants discriminated against Plaintiff by engaging in willful, wanton, and/or reckless conduct and/or in conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to an award of punitive damages under the NYCHRL.

### FIFTH CLAIM FOR RELIEF
### FAILURE TO ENGAGE IN A COOPERATIVE DIALOGUE

44.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

45.     Defendant refused or otherwise failed to engage in a cooperative dialogue with Plaintiff regarding Plaintiff's request for reasonable accommodation of her disability.

46.     Defendant discriminated against Plaintiff in the terms and conditions of her employment because of Plaintiff's disability, in violation of the NYCHRL.

47.     As a proximate result of Defendant's discrimination, Plaintiff has suffered and continues to suffer loss of past and future earnings and employment-related benefits, harm to her professional reputation, mental anguish, embarrassment, humiliation, and other incidental and consequential damages, attorneys' fees, costs and interest as permitted by law.

48.     Defendant discriminated against Plaintiff by engaging in willful, wanton, and/or reckless conduct and/or in conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to an award of punitive damages under the NYCHRL.

## SIXTH CLAIM FOR RELIEF
## SPREAD-OF-HOURS VIOLATION

49.     Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

50.     Defendant failed to pay Plaintiff spread-of-hours pay for each day the spread of hours exceeded ten in violation of New York Labor Law §650 et seq. and 12 NYCRR §142-2.4.

51.     Defendant's failure to pay spread-of-hours pay was willful.

52.     Plaintiff is entitled to recover unpaid wages, liquidated damages, statutory interest and attorneys' fees and costs pursuant to New York Labor Law 198.

## SEVENTH CLAIM FOR RELIEF
## NYLL WAGE NOTICE VIOLATION

53.     Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

54.     Defendant failed to provide Plaintiff with notice of her rate of pay; the basis of their rate of pay; the employee's regular pay day; the name, address and telephone number of the employer; and other information required by Labor Law Section 195 of the Labor Law.

55.     Plaintiff and Class Members is entitled to recover damages from Defendant pursuant to New York Labor Law 198.

## DEMAND FOR TRIAL

56.     Plaintiff demands a trial by jury as to all issues this matter.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant and that the Court enter

an award in favor of Plaintiff:

(i)     Declaring the acts and practices complained of herein are in violation of the Executive Law, the City Human Rights Law and the New York Labor Law;

(ii)    Reinstatement of Plaintiff to an equivalent position;

(iii)   Damages in the form of back pay with interest;

(iv)    Front pay, in lieu of reinstatement;

(v)     Compensatory damages for emotional pain and suffering, mental anguish, embarrassment and humiliation;

(vi)    Punitive damages;

(vii)   Damages pursuant to New York Labor Law § 198;

(viii)  Attorneys' fees, costs and disbursements;

(ix)    Pre-judgment interest; and

(x)     Such other and further relief as this Court may deem just and proper.

Dated: Hauppauge, New York
        November 18, 2020

                            LAW OFFICE OF PETER A. ROMERO PLLC

                    By:     */s Peter A. Romero, Esq.*
                            _____
                            PETER A. ROMERO, ESQ.
                            825 Veterans Highway, Suite B
                            Hauppauge, New York 11788
                            Tel.: (631) 257-5588
                            promero@romerolawny.com

                            *Attorneys for Plaintiff*